ON REMAND
Before: Hoekstra, P.J., and Gribbs and Murphy, JJ.
Grebbs, J.
This matter has been remanded to us for reconsideration in light of M&D, Inc v McConkey, 231 Mich App 22, 25; 585 NW2d 33 (1998), where a panel of this Court considered the issue of silent fraud. 459 Mich 954 (1999). We again affirm.
In the case before us, plaintiff alleged both fraudulent misrepresentation and silent fraud. As we noted in our previous opinion, 228 Mich App 638, 641, n 1; 579 NW2d 133 (1998), “fraudulent misrepresentation” denotes a standard fraud claim based on an affirmative statement, while “silent fraud” involves a failure to disclose information where there is a duty to do so. We specifically held that, in this case, plaintiff presented sufficient evidence of an affirmative misrepresentation to support the jury verdict on plaintiff’s claim of fraudulent misrepresentation. Because we concluded that the trial court properly denied defendant’s motion for a directed verdict on this *97 basis, the question of silent fraud was never raised or relied on in the majority opinion. We remain convinced that the trial court properly found evidence of fraudulent misrepresentation in this case, and this Court’s decision in M&D, Inc, supra, does not change that previous finding.
Having nonetheless reviewed this matter in light of our Supreme Court’s remand, we find that the evidence here also supported plaintiff’s silent fraud theory. As this Court stated in M&D, Inc, supra at 29, quoting and adopting Judge Young’s opinion in the previous M&D, Inc v McConkey, 226 Mich App 801 (1997), defendant “also has a duty to disclose “ ‘subsequently acquired information which he recognizes as rendering untrue, or misleading, previous representations which, when made, were true or believed to be true.” ’ ” 231 Mich App 29. (Citations and emphasis omitted.)
We remain convinced that the jury in this case could fairly infer that defendant showed plaintiff the 1991 operating summary with the intention that plaintiff would rely on the information it contained. 228 Mich App 642-643. Therefore, in addition to finding that the evidence here supports a claim of simple fraud, we also find that defendant had a duty in this case to disclose the subsequently acquired information of defendant’s financial position in 1992^ which clearly rendered untrue any implications from the 1991 figures.
Affirmed.
Murphy, J., concurred.